UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN W. YEE, | ) | CASE NO. 3:19-cv-2301 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| WARDEN KEITH FOLEY, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the report and recommendation (Doc. No. 14 ("R&R")) of Magistrate Judge Darrell A. Clay, recommending that this Court dismiss petitioner Steven W. Yee's ("Yee") writ of habeas corpus petition under 28 U.S.C. § 2254 (Doc No. 1 (Petition)) in its entirety. Yee filed objections to the R&R. (Doc. No. 17 (Objections).) Respondent[1] filed neither a response to Yee's objections, nor his own objections. For the reasons discussed herein, Yee's objections to the R&R are SUSTAINED IN PART and OVERRULED IN PART, the R&R is ACCEPTED, and Yee's petition is DISMISSED.

---

[1] In the return of writ, Warden Keith Foley represented that he is Warden of the Grafton Correctional Institution, where Yee is incarcerated. (Doc. No. 8, at 1.) Accordingly, Warden Foley is substituted as respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-435, 124 S. Ct. 2711, 159 L. Ed. 2d 513; Fed. R. Civ. P. 25(d) ("[W]hen a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending[,]" "[t]he officer's successor is automatically substituted as a party.").

All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

I.  **BACKGROUND**[2]

In March 1989, Yee was indicted in both federal and state court with charges related to a fatal shooting two years earlier. *See United States v. Bonds*, 12 F.3d 540, 546 (6th Cir. 1993); *State v. Yee*, No. E-17-024, 2018 WL 798263, at *1 (Ohio Ct. App. Feb. 9, 2018). Yee's federal case proceeded to a jury trial. *Bond*, 12 F.3d at 549. The federal prosecutors had several pieces of evidence linking Yee and his codefendants to the scene and the shooting:

- The murder weapon once belonged to Yee's roommate, who reported the gun missing before the shooting;

- Yee and his codefendants were stopped by police in Yee's car about two miles from the scene a few minutes after the shooting;

- Yee's codefendant's blood was found in Yee's car and in the victim's car;

- Police found several items in Yee's codefendant's home, including a map opened to Sandusky (where the shooting occurred), black plastic bags and rolls of black electrical tape of the types used to make the plastic "shell catcher" bag and secure it to the murder weapon, several firearms, a briefcase or toolbox containing a grinder (which police thought might have been used to grind off the murder weapon's serial number), a mask, gloves, and a shirt matching the description of one worn at the crime scene by one of the gunmen;

- Police found spent shell casings in Yee's car, which experts later determined came from the murder weapon;

---

[2] The R&R contains a more detailed recitation of the factual background in this case. This Court includes only the factual and procedural background pertinent to Yee's objections to the R&R.

2

- Fibers found in Yee's car were matched to the fibers of a green glove, which was found three weeks after the shooting, on the side of the road leading from Sandusky to Cleveland, with the victim's van registration and title, an empty box of 9-mm cartridges of the type used in the murder and found in Yee's car (this box was later shown to have been bought at a gun shop near Yee's apartment), and a loaded revolver;

- The fibers of the glove itself matched fibers stuck to the tape attaching the cartridge-catcher bag to the murder weapon and matched fibers found on the shirt seized from Yee's codefendant's house;

- Fibers found on the green glove matched the carpeting in the victim's van; and

- Relevant to the instant habeas petition, the police also found hair in the back seat of Yee's car and on the green glove, which the government's scientific experts matched to Yee's codefendant.

*Id.* at 547–49. On February 22, 1991, the federal jury found Yee and his two codefendants guilty. *Id.* at 549; *see also* Court Verdict, *United States v. Yee*, 3:89-cr-720 (N.D. Ohio Feb. 22, 1991). Yee was sentenced to a term of 15 years imprisonment in federal custody. *Bond*, 12 F.3d at 549. Yee has finished serving his federal sentence. (*See* Doc. No. 17, at 3.)

On August 30, 1993, Yee entered guilty pleas in state court to one count of aggravated murder and one count of aggravated robbery and two attendant firearm specifications. (*See* Doc. No. 8-1, at 190.) In exchange, the state agreed to dismiss four counts of the indictment and the capital offense specification. *State v. Yee*, No. E-12-017, 2013 WL 6175038, at *1 (Ohio Ct. App. Nov. 22, 2013). Yee represented that he pled guilty because of "several considerations," including that he was advised that the state planned to offer "the exact same evidence" as the federal prosecutors, but the state planned to seek the death penalty through a capital offense specification.

3

(*See* Doc. No. 12, at 3; *see also* Doc. No. 17, at 3.) Yee is currently serving his state sentence of life in prison, with his next parole eligibility review date set for July 2027.

On August 1, 2013, the Federal Bureau of Investigation ("FBI") issued a letter to the Innocence Project detailing its review of the microscopic hair comparison analysis offered as evidence at Yee's federal trial and the FBI's determination that statements made during Yee's federal trial regarding such analysis exceeded the limits of science. (Doc. No. 1, at 18–21 (FBI Microscopic Hair Comparison Analysis Result of Review) ("FBI Review").) On September 30, 2014, the Department of Justice ("DOJ") sent a similar letter to federal prosecutors likewise advising that some statements made at Yee's trial concerning the microscopic hair analysis "exceeded the limits of science and were, therefore, invalid." (Doc. No. 8-2, at 393 (Letter from the Department of Justice to Federal Prosecutors) ("DOJ Letter").) On July 16, 2015, DOJ mailed Yee a letter containing copies of the DOJ Letter and the FBI Review. (*Id.* at 391.) On October 11, 2016, Yee filed a motion in state court for leave to withdraw his "void" guilty plea based on actual innocence, prosecutorial misconduct, and newly discovered evidence. (*Id.* at 373.) Yee attached the DOJ Letter, representing that he had "recently acquired" it. (*Id.* at 389, 391.)

On March 29, 2017, the state trial court denied Yee's motion to withdraw his guilty plea. (*Id.* at 518.). On April 27, 2017, Yee filed a notice of appeal in the Ohio Court of Appeals for the Sixth District ("Ohio Court of Appeals"), asserting two assignments of error:

1. The trial court retains jurisdiction over deciding a post-sentencing motion to withdraw guilty plea Crim. R. 32.1, and committed plain error, Crim. R. 52(B) and/or abused its discretion by the denial of appellant's motion.

2. The trial court committed plain error, Crim. R. 52(B) and/or abused its discretion by the denial of Yee's motion to withdraw his guilty plea that was improperly motivated and/or coerced by the government that was utilizing bogus evidence to create a windfall conviction, rendering the guilty plea void and open to collateral attack at any time.

(*Id.* at 519, 522 (cleaned up).) On February 9, 2018, the Ohio Court of Appeals affirmed the state trial court's decision. (*Id.* at 571.) Yee filed a motion for reconsideration, which the Ohio Court of Appeals denied on April 12, 2018. (*Id.* at 579, 590.) On May 21, 2018, Yee filed a notice of appeal with the Ohio Supreme Court, asserting the same two propositions of law. (*Id.* at 594, 597.) On August 1, 2018, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (*Id.* at 639.)

On October 2, 2019, Yee, through counsel, filed the present petition for writ of habeas corpus asserting one ground for relief: his guilty plea was not made on a knowing and voluntary basis. (Doc. No. 1, at 16.) On November 16, 2022, the magistrate judge filed an R&R (Doc. No. 14), recommending that this Court dismiss Yee's petition as time barred (*id.* at 24), but also finding that his petition fails on the merits. (*Id.* at 31.) On January 20, 2023, Yee filed objections to the magistrate judge's R&R. (Doc. No. 17.) Respondent filed neither his own objections nor a response to Yee's objections. This matter is now ripe for the Court's review.

## II. STANDARD OF REVIEW

When a party timely objects to a magistrate judge's report and recommendation on a dispositive matter, the district court must conduct a *de novo* review of those portions of the report and recommendation to which a proper objection is made. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."). After review, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

In conducting its *de novo* review in a habeas context, this Court must be mindful of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### III. DISCUSSION

Yee filed two objections to the magistrate judge's R&R:

1. The magistrate judge employed an improper standard of review in determining that Yee was not entitled to equitable tolling.

2. The magistrate judge invoked an unreasonable application of federal law in determining that Yee's plea was knowingly and voluntarily made and did not violate his due process rights.

(Doc. No. 17, at 4, 8–9.) The Court will address each objection in turn.

#### A. Yee's Objection to the R&R's Finding that the Petition Is Untimely

Yee concedes that his petition is untimely unless he is entitled to equitable tolling. (Doc. No. 17, at 5 ("[Yee] agrees that unless equitable tolling applies in his case, then the one year[sic] time bar applies.").) The magistrate judge concluded that Yee was not entitled to equitable tolling because Yee had failed to make a sufficient claim of actual innocence. (Doc. No. 14, at 24.) In doing so, Yee contends that the magistrate judge "employed an[] improper standard of review" because the magistrate judge did not consider whether Yee was entitled to equitable tolling based

6

on "extraordinary circumstances." (Doc. No. 17, at 4–5.) This Court agrees that the magistrate judge should have considered whether Yee was entitled to equitable tolling based on "extraordinary circumstances."

As the magistrate judge correctly noted, a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d); *see also Duncan v. Walker*, 533 U.S. 167, 179, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001). The AEDPA's statute of limitations period runs from the latest of four dates:

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). And, as the magistrate correctly identified, Yee "is entitled to equitable tolling only if he shows (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing." (Doc. No. 14, at 20 (quoting *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (quotation marks omitted) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005))).) The magistrate judge also correctly noted that "a petitioner who asserts a credible claim of actual innocence can 'avoid a procedural bar to the consideration of the merits of his constitutional claims.'" (*Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 326–27, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)).)

7

The magistrate judge construed Yee's petition as claiming that he was entitled to equitable tolling based on actual innocence and then focused the equitable tolling analysis solely on whether Yee had presented a credible claim of innocence. (*Id.* at 20–24.) While Yee's petition did contend that he was "actually innocent" and his traverse did cite case law focused on overcoming default because of actual innocence, Yee also argued that "extraordinary circumstances" prevented Yee from filing a timely petition—namely that Yee was not aware of the issues with the microscopic hair comparison analysis until several years after the period to file a timely habeas petition had run. (Doc. No. 1, at 13–14; Doc. No. 12, at 8–9.) As such, the magistrate judge erred to the extent that he concluded Yee was not entitled to equitable tolling based on "actual innocence" without analyzing whether Yee was entitled to equitable tolling because of "extraordinary circumstances."[3] Accordingly, to the extent Yee objected to the magistrate judge's failure to consider whether Yee was entitled to equitable tolling based on "extraordinary circumstances," his objection is sustained.

Even so, having reviewed *de novo* whether Yee is entitled to equitable tolling, this Court finds that he is not. To reiterate, Yee is entitled to equitable tolling for extraordinary circumstances "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (quotation marks omitted) (quoting *Pace*, 544 U.S. at 418). The Sixth Circuit has "repeatedly cautioned that equitable tolling relief should be granted only sparingly." *See Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances

---

[3] Yee did not object to the R&R's conclusion that he failed to establish he was entitled to equitable tolling based on a claim of actual innocence. (Doc. No. 14, at 23–24.) The failure to file written objections to a magistrate judge's report and recommendation constitutes a waiver of a *de novo* determination by the district court of an issue covered in the report. *Thomas v. Arn*, 728 F.2d 813, 814–15 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This Court has reviewed the R&R's conclusion concerning Yee's claim of actual innocence and accepts and adopts the same.

beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000) (citations omitted).

The belated discovery of the FBI Review is the only evidence of an "extraordinary circumstance" that Yee provides, and he contends that once he was aware of the issues with the hair comparison, he diligently pursued his rights. (Doc. No. 12, at 8–9; *see also* Doc. No. 17, at 5.) Yee is correct that he could not have filed the instant habeas petition until he became aware of the FBI Review. And as such, by statute, Yee had one year from the date he discovered the FBI Review to file a timely petition, not counting any time tolled while he pursued the issue in state court. 28 U.S.C. § 2244(d).

At some point after Yee became aware of the FBI Review, he filed his motion to withdraw his guilty plea in state court. On August 1, 2018, after dismissal by the state trial court and Ohio Court of Appeals, the Ohio Supreme Court declined to exercise jurisdiction over Yee's motion to withdraw his plea. (Doc. No. 8-2, at 639.) Yee waited more than one year from that date to file the instant habeas petition on October 2, 2019. (Doc. No. 1.) Thus, as the magistrate judge concluded, even applying the applicable statute, Yee's petition was untimely.[4] (Doc. No. 14, at 18–19.) Yee did not object to this finding by the magistrate judge. In fact, Yee concedes that his petition is untimely unless he is entitled to equitable tolling. (Doc. No. 17, at 5.) But Yee has failed to point to any "extraordinary circumstance" after becoming aware of the FBI Review that prevented him from filing this petition within one year of the Ohio Supreme Court declining jurisdiction.

---

[4] The magistrate judge also concluded that when Yee filed his initial motion to withdraw in state court, his petition was untimely already based on when Yee purportedly became aware of the FBI Review. (Doc. No. 14, at 18.) Yee does not object to that finding. While this may be another reason his petition is untimely, the Court need not look any further than his failure to file his petition within one year of the Ohio Supreme Court decision to conclude that his petition is clearly untimely. *See Scarber v. Palmer*, 808 F.3d 1093, 1097 (6th Cir. 2015) ("After it has been tolled, the AEDPA statute-of-limitations clock resumes when a final order issues[.]" (citing *Lawrence v. Florida*, 549 U.S. 327, 334, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007))).

Accordingly, Yee is not entitled to equitable tolling and his petition is untimely and must be dismissed.

### B. Yee's Objection to the R&R's Finding that the Petition Lacks Merit

Out of an apparent abundance of caution, the magistrate judge also made a recommendation as to the merits of Yee's petition, in the event this Court found Yee was entitled to equitable tolling. (*See* Doc. No. 14, at 24–31.) Yee objected to the magistrate judge's alternative finding that his petition lacked merit. (Doc. No. 17, at 6–9.) Having determined that Yee's petition is clearly untimely, Yee's objection is overruled as moot.

## IV. CONCLUSION

As explained in this memorandum opinion, even assuming Yee was entitled to statutory tolling and his state court filings were timely, his petition filed in this Court on October 2, 2019, was untimely because it was filed more than one year after the Supreme Court of Ohio declined to accept jurisdiction of his appeal on August 1, 2018. Yee has not presented any circumstances that entitled Yee to equitable tolling after August 1, 2018. Thus, Yee was required to file his petition by August 1, 2019, but he failed to do so.

Yee's objections are SUSTAINED IN PART and OVERRULED IN PART, the R&R is ACCEPTED, and Yee's petition is DISMISSED. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 1915(a)(3), 2253(c); Fed. R. App. P. 22(b). Further, the Clerk is directed to substitute Warden Foley for Warden Eppinger as respondent in this case.

**IT IS SO ORDERED**.

Dated: February 15, 2023

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**